Electronically FILED by Superior Court of California, County of Los Angeles on 10/17/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk
22PSCV01309
Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Thomas Falls

Humberto M. Guizar, Esq., (SBN 125769)
hguizar@ghclegal.com
Christian Contreras, Esq., (SBN 330269)
cc@Contreras-Law.com
**LAW OFFICES OF HUMBERTO GUIZAR, APC**
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Attorneys for Plaintiffs,
MATTHEW REILLY & MATTIE REILLY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MATTHEW REILLY, an individual; and MATTIE REILLY, an individual,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, a chartered subdivision of the State of California; CITY OF GLENDORA, a municipality; and DOES 1 through 20, inclusive,

Defendants.

**CASE NO:** 22PSCV01309

**COMPLAINT FOR DAMAGES RELATED TO:**

1. Unreasonable Search/Seizure, (42 U.S.C. § 1983);
2. Violation of Due Process, (42 U.S.C. § 1983);
3. Malicious Prosecution (42 U.S.C. § 1983);
4. Municipal Liability - Unconstitutional Policy or Custom, (42 U.S.C. § 1983);
5. Municipal Liability - Failure to Train, (42 U.S.C. § 1983);
6. Municipal Liability - Official Ratification, (42 U.S.C. § 1983);
7. False Arrest/Imprisonment;
8. Unnecessary Delay in Processing/Releasing;
9. Negligence;
10. Violation of Tom Bane Act, (Civil Code § 52.1);
11. Malicious Prosecution

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1. This is a Complaint for damages in connection with the false arrest and imprisonment of Plaintiff MATTHEW REILLY, the subsequent sequestration of his daughter, Plaintiff MATTIE REILLY, and the unduly protracted nature of the Plaintiffs' separation from each other.

2. Plaintiffs seek compensatory damages for their mental and emotional pain and suffering, loss of income, associated medical expenses and attorneys fees, as well as punitive damages related to the civil rights violations and tort claims alleged herein, in amounts to be determined according to proof at trial.

## JURISDICTION AND VENUE

3. This Court has general, unlimited jurisdiction to hear this case under Article 6 of the California Constitution and Cal. Civ. Proc. Code §§ 85-86.1, in that it is a civil action seeking remedies in excess of $25,000.

4. Venue is proper in this Court under Cal. Civ. Proc. Code §§ 393-394, in that all of the events or omissions giving rise to this action occurred in the County of Los Angeles, and all public entity's named in this Complaint are located within the County of Los Angeles.

5. All causes of action are within six (6) months of the Plaintiffs' receipt of notice(s) of the rejection of all antecedent claims appropriately lodged with Defendants under Cal. Gov. Code § 945.6 within six (6) months of the conclusion of the circumstantial bases for these claims. Likewise, all causes of action are within the two (2) year statute of limitations for tort actions under Cal. Civ. Proc. Code § 335.1.

## PARTIES

6. Plaintiffs MATTHEW REILLY (hereafter "MATTHEW") and MATTIE REILLY (hereafter "MATTIE") are individuals who reside in the County of Los Angeles. Plaintiffs MATTHEW and MATTIE are father and daughter, respectively.

7. Defendant CITY OF GLENDORA (hereafter "CITY") is a municipal

entity with the capacity to sue and be sued, located within the County of Los Angeles.

8. Defendant COUNTY OF LOS ANGELES (hereafter "COUNTY") is a chartered governmental subdivision of the State of California with the capacity to sue and be sued.

9. Upon information and belief, Defendant DOES 1-20, inclusive, are individuals who reside in the COUNTY of Los Angeles, and were at all relevant times the employees, agents, officers, or representatives of the Defendant CITY or COUNTY, and/or the employees, agents, officers, or representatives of a subsidiary agency of either principal entity, including but not limited to the CITY of Glendora Police Department (hereafter "GPD"), the COUNTY of Los Angeles Department of Child and Family Services (hereafter "DCFS"), the COUNTY of Los Angeles Probation Department (hereafter "Probation Department"), and the District Attorney's Office for the COUNTY of Los Angeles (hereafter "DA").

10. Plaintiffs do not know the true names of the Defendants sued in this Complaint as DOES 1-20, inclusive, and therefore sue these Defendants by fictitious names under Cal. Civ. Proc. Code § 474. Plaintiffs will seek leave of this Court to amend this Complaint to allege the true names of DOES 1-20, inclusive, when ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants named as DOES 1-20, inclusive, is responsible in some manner for the occurrence, injury, and other damages to Plaintiffs alleged in this Complaint.

11. At all relevant times, Defendant DOES 1-20, inclusive, acted within their capacities as employees, agents, officers, or representatives of either the Defendant CITY or COUNTY, and at the direction, ratification, and/or acquiescence of either principal entity. Defendants CITY and COUNTY failed to ensure compliance with the policies, rules, or directives that could and should have prevented the series of acts by others which were known to result in the particular rights violations at issue.

12. Accordingly, Defendants CITY and COUNTY are sued in their

supervisory capacities for their culpable actions or omissions in the training, supervision, and control of Defendant DOES 1-20, inclusive, who are sued in their individual capacities for, among other things, directly producing the constitutional violations asserted in this Complaint, and/or for customs or practices demonstrating willful or reckless disregard for the rights and wellbeing of the public which were a substantial factor in causing said violations.

13. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm to Plaintiffs by, among other things, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures subsequent to which the unlawful conduct occurred; by failing and refusing, with willful or reckless disregard for Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and/or by ratifying the unlawful conduct perpetrated by the employees, agents, officers, or representatives under their direction and control.

14. Whenever and wherever reference is made in this Complaint to the actions or omissions of any Defendant, such allegation and reference shall also be deemed to mean the acts and omissions of each Defendant individually, jointly, and severally.

## FACTUAL ALLEGATIONS

15. On August 11, 2021, Officers with the Defendant CITY's Police Department arrested Plaintiff MATTHEW REILLY at his home in Glendora, California, at the behest of the Defendant COUNTY's Probation Department, following a warrantless search conducted by the latter entity. MATTHEW was falsely charged with felony possession of munitions in violation of his then-complete probation for a prior non-violent offense.

16. At the time of the arrest in question, MATTHEW had duly fulfilled all obligations related to the prior offense for which he had been on probation; to wit,

MATTHEW was no longer on probation at the time of the search and arrest at issue

17. Unknown COUNTY Probation Department employees had erroneously maintained MATTHEW's probationary status as "active" leading up to and resulting in the described false arrest and imprisonment.

18. MATTHEW was detained in COUNTY Jail without arraignment until August 27, 2021, approximately seventeen (17) days later. It was not until December 7, 2021, nearly four (4) months after the initial arrest, that the felony charge against MATTHEW was finally dismissed for lack of any probationary status under which to have committed the alleged violation.

19. Following the false arrest and imprisonment of her father, MATTHEW, Plaintiff MATTIE REILLY was immediately taken into DCFS custody, and spent the next five (5) months in foster care. It was not until January 11, 2022, that MATTIE was finally reunited with her father, following the dismissal of the felony charge that had served as the basis for the temporary termination of MATTHEW's parental rights.

20. MATTIE's traumatic separation from her father was unduly prolonged by the DA, which continued to press its case against MATTHEW after possessing sufficient information to clear him of the alleged violation. On or before August 30, 2022, the DA's Office received a report regarding MATTHEW's probationary history, produced pursuant to Cal. Pen. Code §1203.7.

21. Upon information and belief, MATTHEW alleges that the contents of this probation report unambiguously resolved the question of his probationary status at the time of the alleged violation.

22. The DA possessed the knowledge that MATTHEW was no longer on probation when he ostensibly committed a violation of his prior probation. Nevertheless, the DA for the Defendant COUNTY wrongfully persisted in its case against MATTHEW for more than three (3) months after obtaining such knowledge, while MATTIE remained outside of her home in a foreign setting, unsure of when,

if ever, she would see her dad again.

23. Accordingly, Plaintiffs now assert a claim for damages recoverable under the Constitution and laws of the United States and California, including but not limited to: compensation for the pain and suffering that both Plaintiffs have suffered and continue to suffer in connection with MATTHEW's false arrest, imprisonment, and prosecution, and MATTIE's prolonged sequestration in foster care; as well as punitive and exemplary damages in connection with the civil rights violations they endured as a result of the tortious actions or omissions of the Defendants, and each of them.

**<u>FIRST CAUSE OF ACTION</u>**

**FOR UNREASONABLE SEARCH AND SEIZURE**

**(42 U.S.C. § 1983)**

**(By All Plaintiffs Against Individual DOES 1 through 20)**

24. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25. The Fourth (4th) Amendment to the US Constitution, as applied to the California by way of the Fourteenth (14th) Amendment, prohibits the unreasonable search and seizure of persons at liberty, without a warrant, based on probable cause. The standard for determining probable cause is objective, and considers whether a reasonable person would believe, based on the facts known at the time of arrest, that a suspect has committed a crime, while the subjective beliefs of the arresting officer(s), with respect to those facts, are irrelevant.

26. On August 11, 2021, Plaintiff MATTHEW REILLY was not on probation when his home was searched by the Defendant COUNTY's Probation Department, resulting in his arrest by the Defendant CITY's Police Department. As a condition of his earlier probation, warrantless searches of MATTHEW's home and person had been permissible throughout the duration of said probationary period. Likewise, any liberty constraints imposed on MATTHEW as a condition of his

probation ceased to apply upon conclusion of said probationary period.

27. The Defendant COUNTY's Probation Department was responsible for administering MATTHEW's probation, and it was known by the Department that MATTHEW had completely satisfied the terms of his probation prior to August 11, 2021. Nevertheless, the Defendant COUNTY directed its Officers, and recruited those of the Defendant CITY's GPD, to execute the warrantless search and arrest of MATTHEW, which in turn precipitated the seizure of MATTHEW's daughter, MATTIE, by the Defendant COUNTY's DCFS.

28. Defendant CITY officers knew, or should have known, that MATTHEW was no longer on probation. Any reasonable officer in such circumstance would have verified information given to them. Indeed, the COUNTY OF LOS ANGELES has a Countywide Warrant System (CWS) which permits officers to check a computerized information system designed for efficient and rapid retrieval of conditions of probation which would have proven to the defendants that MATTHEW was on probation.

29. Even if for some incorrect reason the CWS did show that MATTHEW was on probation still, Defendant CITY officers were informed by MATTHEW at the time of the arrest that he was no longer on probation which would have further alerted the officers that they could not search and seize him without cause under the Fourth Amendment. Obviously, the search of the home yielding munitions was illegal and the seizure of the munitions also unconstitutional since Defendant CITY officers searched and seized in violation of the Fourth Amendment.

30. No reasonable officer in such circumstance could believe that MATTHEW was in violation of his probation if they knew, as the COUNTY's Probation Department did, that MATTHEW had not been on probation at the time of his search and arrest. Therefore, the warrantless search and seizure of the Plaintiffs' home and respective persons was without probable cause, unreasonable, and unconstitutional.

31. As a direct result of the Defendants' conduct, MATTHEW was unlawfully seized and spent approximately 17 days in jail.

32. As a direct result of the Defendants' conduct, MATTIE was seized by the officers, taken away from her father and placed into foster care.

33. As a direct result of the Defendants' conduct, Plaintiffs have suffered and continue to suffer emotional and psychological distress, as well as economic harms including lost wages and/or medical expenses. Accordingly, Plaintiffs claim compensatory damages related to the described harms, as well as punitive damages to the extent allowed under 42 U.S.C § 1983, in amounts to be determined according to proof at trial.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF DUE PROCESS
## (PROCEDURAL AND SUBSTANTIVE)
## (42 U.S.C. § 1983)
## (By All Plaintiffs Against DOES 1 through 20)

34. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

35. In addition to the right to be free from unreasonable search and seizure, the right to have and raise a family is a long-established and fundamental liberty interest, the deprivation of which is prohibited without due process of law under the Fourteenth (14th) Amendment to the United States Constitution, to wit, the opportunity to be heard by an impartial judge prior to any such deprivation.

36. Following the arrest of her father, MATTHEW, on August 11, 2021, MATTIE was taken into DCFS custody, a subsidiary organization of the Defendant COUNTY. Insomuch as MATTHEW was arrested, imprisoned, and prosecuted without probable cause, MATTIE's prolonged separation from her father was, likewise, effectuated without proper cause, unconstitutionally.

///

37. Even after MATTHEW was released from COUNTY custody on his own recognizance, on August 27, 2021, the DCFS enforced the Plaintiffs' continued separation throughout and beyond the course of MATTHEW's prosecution, which ended on December 7, 2021, while MATTIE remained in foster care until January 11, 2022.

38. The DCFS's basis for taking MATTIE into its custody was entirely predicated on the unsubstantiated supposition that MATTHEW had committed a felony violation of his past probation.

39. Despite the Defendant COUNTY's possession of the knowledge of MATTHEW's innocence when MATTIE was taken into custody, the policies and promulgations guiding interagency communication, diligence, and oversight deprived the Plaintiffs' of the legal process they were due ahead of state interference in their familial relations.

40. At a minimum, due process would have entailed the preservation of the Plaintiffs' family unit until a cursory review of MATTHEW's probationary history could validate the grounds, or lack thereof, for the allegations that would entail the forcible separation of a child from her only parent. Instead, MATTHEW was presumed guilty until later proven innocent, and prematurely deprived of his constitutional rights, while MATTIE spent approximately five (5) months in the care of strangers, unsure of whether, if ever, she would see her dad again.

41. Defendants violated Plaintiffs' procedural due process rights because there is no imminent risk of physical or sexual abuse.

42. Furthermore, Defendants violated Plaintiffs' substantive due process rights because Defendants' conduct harmed both Plaintiffs in a manner which shocked the conscience.

43. As a direct result of the Defendants' concerted interference(s) in their familial relations, Plaintiffs have suffered and continue to suffer emotional and psychological distress, as well as economic harms including lost wages and/or

medical expenses. Accordingly, Plaintiffs claim compensatory damages related to the described harms, as well as punitive damages under 42 U.S.C § 1983, in amounts to be determined according to proof at trial.

**THIRD CAUSE OF ACTION**

**FOR MALICIOUS PROSECUTION**

**IN VIOLATION OF THE 4th & 14th AMENDMENTS**

**(42 U.S.C. § 1983)**

**(By MATTHEW Against Defendant COUNTY OF LOS ANGELES)**

44. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45. Plaintiff MATTHEW claims and alleges that the COUNTY's malicious prosecuted him in violation of 4th & 14th Amendments to the United States Constitution because Plaintiff MATTHEW REILLY was prosecuted by Defendant COUNTY's DA without probable cause, and ultimately prevailed against the DA on that basis.

46. On or before August 30, 2022, the DA's Office received a report regarding MATTHEW's complete history of probation. Upon information and belief, MATTHEW alleges that the contents of this report unambiguously resolved the question of his probationary status at the time of the alleged violation.

47. The DA for the Defendant COUNTY possessed the knowledge that MATTHEW was no longer on probation when he was alleged to have committed the probation violation at issue. Nevertheless, the DA for the Defendant COUNTY wrongfully persisted in its case against MATTHEW for more than three (3) months, in possession of such knowledge, while MATTIE remained in foster care, unsure of when, if ever, she would see her dad again.

48. Defendant COUNTY lacked probable caused to initiate and proceed with MATTHEW's prosecution because the DA: 1) confirmed MATTHEW's innocence at the inception of the case; 2) knew that MATTHEW was not on

probation; 3) knew that MATTHEW would lose his daughter due to the prosecution; and 4) knew that MATTIE would be consigned to foster care for the rest of her childhood in that event.

49. Defendant COUNTY's conduct was malicious. The DA's manifest intent in maintaining its chosen course of action was not to uphold the law, but to ensure that the law held MATTHEW back regardless of his innocence, rights, or the facts that MATTHEW had duly answered for any prior offenses, and a young girl's family would be broken in the process. Thus, malice existed in the prosecution of MATTHEW.

50. The charges against MATTHEW were finally dismissed subsequently and thereby the prosecution terminated in MATTHEW's favor.

51. Due to the DA's baseless prosecution of MATTHEW for a felony he did not commit, MATTHEW temporarily lost custody of his daughter, MATTIE, and they were forcibly separated for approximately five (5) months, between August 11, 2021, and January 11, 2022. Additionally, MATTHEW was jailed in isolation, without arraignment, for approximately seventeen (17) days, from August 11 to August 27 of 2021, during which time MATTHEW was unable to work and suffered considerable psychological, emotional distress in addition to his economic losses, in amounts to be determined according to proof at trial.

52. Due to the DA's protracted prosecution of MATTHEW for a felony which was recognizably impossible for him to have committed, Plaintiff has suffered and continue to suffer emotional and psychological distress, as well as economic harms including lost wages and/or medical expenses, and other economic damages. Accordingly, Plaintiffs claim compensatory damages related to the described harms, as well as punitive damages under California Law, in amounts to be determined according to proof at trial.

///

///

**FOURTH CAUSE OF ACTION**

**FOR LOCAL MUNICIPAL LIABILITY – POLICY OR CUSTOM**

**(42 U.S.C. § 1983)**

**(By All Plaintiffs Against Defendants CITY OF GLENDORA and COUNTY OF LOS ANGELES)**

53. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. Plaintiffs MATTHEW and MATTIE claim that they were deprived of their civil rights as a result of the policies, practices, or customs of the Defendants CITY and COUNTY.

55. At all relevant times alleged herein, the Defendants sued fictitiously as DOES 1-20, inclusive, were acting under color of law. The actions or omissions of the individual Defendants sued fictitiously as DOES 1-20, and each of them, deprived Plaintiffs of particular rights guaranteed under the laws and Constitutions of the United States and California.

56. The CITY and COUNTY's policies and/or customs related to the maintenance, reporting, and verification of probation records are manifestly problematic. Despite MATTHEW's fulfillment of his prior probation agreement, the Defendant COUNTY's Probation Department failed to timely record and reflect this fact. Similarly, the Defendant CITY's Police Department completely disregarded MATTHEW's repeated claims that he was not on probation, and made no attempts to independently verify his probationary status.

57. On and for some time prior to On August 11, 2021 (and continuing to the present date), Defendants COUNTY, CITY, and DOES 1-20, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Employing a probation record system which is inaccurate;

B. Failing to verify whether an individual is actively on probation;

C. Disregarding assertions from members of the public when they inform officers or deputies that they are no longer on active probation;

D. Failing to further verify whether an individual is actively on probation when being informed by an individual that he or she is no longer on probation;

E. Searching and seizing individuals under the pretext that they have search and seizure terms under their probation despite not being on active probation;

F. Once in JAIL, jailors failing to verify whether an individual is actively on probation; and

G. Continuing with prosecution under probation violations when an individual is no longer on probation.

58. The aforementioned policies and practices of Defendants was a moving force that caused Defendants to violate the rights of Plaintiffs and the moving force of Plaintiffs' injuries.

59. The aforementioned policies and practices of Defendants were maintained with a deliberate indifference to individuals' safety and rights;

60. Indeed, the CITY and COUNTY knew with certainty that the arrest of MATTIE's sole guardian would necessitate her transfer into DCFS custody. The traumatic effects of having fractured a family were, or reasonably should have been, painfully obvious to the CITY and COUNTY. Nevertheless, the CITY and COUNTY ran with their unsubstantiated certainty of MATTHEW's culpability with deliberate indifference to the foreseeable violations of Plaintiffs' rights and wellbeing that might, and in fact did, occur in the event of a mistake.

61. In lieu of reasonably prudent safeguards or practices which could have easily prevented this entire ordeal, the CITY and COUNTY's deliberately indifferent

policies and customs caused MATTHEW and MATTIE to suffer extensive violations of their civil rights, including but not limited to the enjoyment of their parent-child relationship and freedom from unreasonable search and seizure.

62. Accordingly, the Defendants CITY and COUNTY are liable for the rights violations perpetrated by their employees, agents, representatives, or officers, including the individual defendants DOES 1-20, inclusive, on account of the unconstitutional policies, practices, and customs that precipitated the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

**FIFTH CAUSE OF ACTION**

**FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN**

**(42 U.S.C. § 1983)**

**(By All Plaintiffs Against Defendants CITY OF GLENDORA and COUNTY OF LOS ANGELES)**

63. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. Plaintiffs MATTHEW and MATTIE claim that they were deprived of their civil rights as a result of the Defendant CITY and COUNTY'S failure to train its employees.

65. At all relevant times alleged herein, the Defendants sued fictitiously as DOES 1-20, inclusive, were acting under color of law. The actions or omissions of the individual Defendants sued fictitiously as DOES 1-20, and each of them, deprived Plaintiffs of particular rights guaranteed under the laws and Constitutions of the United States and California.

66. The CITY's and COUNTY's training of Defendants DOES 1-20, inclusive, did not adequately instill the diligence necessary to avoid or interrupt the compounding series of mistakes that caused Plaintiffs' various harms, especially given the lack of procedural safeguards that might have otherwise done so. ///

67. The critical need for diligence on the part of law enforcement and public employees was, or reasonably should have been, known to the CITY and COUNTY. The modern proliferation of attention paid to egregious rights violations has rendered the consequences of training inadequacies unignorable, as in such cases as the local death of Gabriel Fernandez. Much like MATTIE, the harms that Gabriel Fernandez suffered due to the flagrance of DCFS and other COUNTY officers could have been prevented at countless opportunities, were those officers properly trained. Similarly, GPD and Probation Department officers have not been adequately trained in reasonable record keeping and verification practices, let alone constitutional criminal procedure.

68. Despite the resounding need for improved or further training, the CITY and COUNTY have allowed a culture of deliberate indifference to the rights and wellbeing of the public to persist unaddressed, and caused MATTHEW and MATTIE to suffer extensive violations of their civil rights, including but not limited to the enjoyment of their parent-child relationship and freedom from unreasonable search and seizure.

69. Defendants were CITY and COUNTY deliberately indifferent to the obvious consequences of its failure to train its officers and deputies adequately.

70. The failure of Defendant CITY and COUNTY to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendants. That is, the COUNTY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused Plaintiffs' ultimate injury.

71. Accordingly, the Defendants CITY and COUNTY are liable for the rights violations perpetrated by their employees, agents, representatives, or officers, including the individual defendants DOES 1-20, inclusive, on account of unacceptable failures in their training that allowed the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

///

**SIXTH CAUSE OF ACTION**

**FOR MUNICIPAL LIABILITY –RATIFICATION**

**(42 U.S.C. § 1983)**

**(By All Plaintiffs Against Defendants CITY OF GLENDORA and COUNTY OF LOS ANGELES)**

72. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

73. At all relevant times alleged herein, the Defendants sued fictitiously as DOES 1-20, inclusive, were acting under color of law. The actions or omissions of the individual Defendants sued fictitiously as DOES 1-20, and each of them, deprived Plaintiffs of particular rights guaranteed under the laws and Constitutions of the United States and California.

74. Upon information and belief, and at all relevant times alleged herein, a policymaking or supervisory official of the Defendant COUNTY or CITY acted under color of law and with final authority concerning the particular affairs of the particular subsidiary agencies of the Defendant COUNTY or CITY at issue, and did direct, approve, or otherwise knowingly allow the individual conduct of Defendants DOES 1-20, inclusive.

75. Further, upon information and belief, a final policymaking authority of the CITY or COUNTY has determined, or will determine, that the acts made known to them of the individual Defendants sued fictitiously as DOES 1-20, inclusive, were "within [agency] policy," and ratify the particular rights violations alleged herein as adopted or endorsed outcomes on the part of the CITY and COUNTY.

76. Indeed, a policymaking or supervisory official of the Defendant COUNTY or CITY ratified the decisions to maintain the following acts in relation to Plaintiffs:

A. Employing a probation record system which is inaccurate;

B. Failing to verify whether an individual is actively on probation;

C. Disregarding assertions from members of the public when they inform officers or deputies that they are no longer on active probation;

D. Failing to further verify whether an individual is actively on probation when being informed by an individual that he or she is no longer on probation;

E. Searching and seizing individuals under the pretext that they have search and seizure terms under their probation despite not being on active probation;

F. Once in JAIL, jailors failing to verify whether an individual is actively on probation; and

G. Continuing with prosecution under probation violations when an individual is no longer on probation.

77. Accordingly, the Defendants CITY and COUNTY are liable for the rights violations perpetrated by their employees, agents, representatives, or officers, including the individual defendants DOES 1-20, inclusive, and as well for the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

## SEVENTH CAUSE OF ACTION

## FOR FALSE ARREST / IMPRISONMENT

## (By MATTHEW Against All Defendants)

78. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

79. The present cause of action is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

80. Under California law, false imprisonment is the intentional confinement of another, without consent or cause, for any period, causing harm or contributing as

a significant factor in the causation of harm to the subject of the arrest/imprisonment. Importantly, false imprisonment is a general intent crime, and does not require that a wrongdoer specifically intend to -wrongfully- detain their victim, only that the detention itself was intentional.

81. As previously alleged herein, Plaintiff MATTHEW REILLY was arrested without probable cause by the Defendant CITY's Police Department, subsequent a warrantless search by the Defendant COUNTY's Probation Department, and held without arraignment, in isolation for approximately seventeen (17) days in the Defendant COUNTY's Jail, which caused Plaintiff MATTIE REILLY to be taken into the custody of the DCFS of the Defendant COUNTY for approximately five (5) months.

82. At no point did Plaintiffs consent to their persecution and confinement by the Defendants CITY and COUNTY, which directed, ratified, or otherwise precipitated, by their policies or customs, the conduct of the individual DOE Defendants acting in concert to these ends.

83. As a direct result of their respective confinements, Plaintiffs have suffered and continue to suffer emotional and psychological distress, as well as economic harm in the form of lost wages and/or medical expenses.

84. Accordingly, the Defendants CITY, COUNTY, and DOES 1-20, and each of them, are responsible for the false imprisonment of both Plaintiffs, subsequent the false arrest(s) of MATTHEW and MATTIE, for which Plaintiffs are further entitled to recover punitive damages under California Law.

## EIGHTH CAUSE OF ACTION

**FOR UNNECESSARY DELAY IN PROCESSING / RELEASING**

**(By Plaintiff MATTHEW REILLY Against the Defendant COUNTY OF LOS ANGELES).**

85. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86. The present cause of action is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

87. Plaintiff MATTHEW REILLY was wrongfully confined in the Defendant COUNTY's jail, without arraignment and in isolation, for approximately seventeen (17) days following the point of his initial, wrongful arrest by the Defendant CITY's GPD, at the behest of the Defendant COUNTY's Probation Department.

88. The Defendant COUNTY's policy of quarantining new inmates in its jails for two weeks caused an unnecessary delay in taking MATTHEW before a judge. Rather than screening potentially innocent detainees to mitigate unnecessary delays, and/or arrange for their virtual arraignment, the Defendant COUNTY indifferently adopted the broadest and most-restrictive of COVID-19 policies, in willful disregard of Plaintiffs' and the publics rights to a fair and speedy trial, freedom from unreasonable detention, freedom of movement, and other such liberty interests.

89. Additionally, the failure of the Defendant COUNTY's DA to drop its case against MATTHEW upon obtaining knowledge of his innocence caused, at least, three (3) months of additional delay in the release of his daughter, MATTIE, from DCFS and/or foster care (*see* Fourth Cause of Action). Further, the Defendant COUNTY's DCFS did not process and release MATTIE from its custody for more than a month after said felony charge against MATTHEW was dismissed, the sole basis for its wrongful separation of MATTIE from her father.

90. Plaintiffs at no point consented to the described delays.

91. As a direct result of the Defendants' willful disregard in the performance of their duties, Plaintiffs directly suffered and continue to suffer severe emotional and psychological distress, as well as economic harm in the form of lost wages and/or

medical expenses. Accordingly, Plaintiffs claim compensatory damages related to said harms, as well as punitive damages under the common law tort of (professional) negligence, in amounts to be determined according to proof at trial.

**NINTH CAUSE OF ACTION**

**FOR NEGLIGENCE**

**(By All Plaintiffs Against All Defendants)**

92. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93. The present cause of action is brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

94. Under California Law, negligence is proven by a showing that the Defendant's breach of a duty of care owed to the Plaintiff(s) caused them some reasonably foreseeable injury.

95. As public entities/servants, the Defendants CITY, COUNTY, and their employees, agents, officers, or representatives, DOES 1-20, inclusive, owed Plaintiffs a professional duty of diligence in the performance of their functions.

96. As previously alleged herein, Plaintiff MATTHEW REILLY was arrested without probable cause by the Defendant CITY's Police Department, subsequent a warrantless search by the Defendant COUNTY's Probation Department, and held without arraignment, in isolation for approximately seventeen (17) days in a jail of the Defendant COUNTY's, which caused Plaintiff MATTIE REILLY to be taken into custody by the DCFS of the Defendant COUNTY for approximately five (5) months (*see* Second, Third, and Fifth Causes of Action).

97. Therefore, Defendants, and each of them, breached their duty or care owed to Plaintiffs. No reasonable person nor officer in the circumstance would proceed with the course of conduct as Defendants did herein showing that they

clearly breached their duty of care owed to Plaintiff and were detrimentally negligence in carrying out their duties.

98. In fact, the entirety of the traumatic ordeal imposed upon the REILLY family would not have occurred but for the original, negligence Defendants in failing to check MATTHEW's probationary status. It was clearly negligent that the Defendant COUNTY's Probation Department, and direction of all subsequent actors on that basis, arrested the MATTHEW and violated his rights.

99. Due to the Defendants' willful disregard in the performance of their duties, Plaintiffs directly suffered and continue to suffer emotional and psychological distress, as well as economic damages and harm in the form of lost wages and/or medical expenses, and other damages

100. Accordingly, Plaintiffs claim compensatory damages related to said harms, as well as punitive damages under the common law tort of negligence, in amounts to be determined according to proof at trial.

## TENTH CAUSE OF ACTION

## FOR VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

## (Tom Bane Civil Rights Act)

## (By All Plaintiffs Against All Defendants)

101. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

102. The present cause of action is brought pursuant to Section 52.1 of the Civil Code. The present cause of action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

103. The Defendants CITY, COUNTY, and DOES 1-20, inclusive, intentionally interfered with Plaintiffs' civil rights by using threats, intimidation, and/or coercion in violation of the Tom Bane Civil Rights Act.

104. Defendants, and each of them, acted in concert against MATTHEW to forcibly prevent him from lawfully obtaining and possessing firearm munitions, in contravention of his rights under the Second (2nd) Amendment, by holding him in isolation and without arraignment for over two (2) weeks, maliciously prosecuting him for over three (3) months, and separating him from his daughter, MATTIE, for five (5) months.

105. Put simply, the persecution of MATTHEW for his lawful possession of firearm munitions, was the principal deprivation from which all others spawned. By arresting, imprisoning, and prosecuting MATTHEW on that basis, Defendants, and each of them, did subsequently violate Plaintiffs' constitutional rights at every possible opportunity and in virtually every possible manner, thereafter, including but not limited to:

a. The right to be free from an unreasonable ongoing seizure as a pretrial detainee as secured by the Fourth (4th) and Fourteenth (14th) Amendments, and by Cal. Const. Art. I §§ 7 and 13;

b. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to the companionship, society, and support of each other, as secured by the First (1st) and Fourteenth (14th) Amendments, and by Cal. Const. Art. I, §§ 1 and 7;

c. The right to enjoy and defend life and liberty, acquire, possess, and protect property, and pursue and obtain safety, happiness, and privacy, as secured by Cal. Const. Art. I § 1.

106. Defendants, and each of them, acted with the specific intent of attempting or in fact acting with threats, intimidations or coercion to interfere with the rights of Plaintiffs as alleged herein.

107. Accordingly, MATTHEW and his daughter, MATTIE, have suffered and continue to suffer emotional and psychological distress, and economic losses including lost wages and/or medical expenses, and other compensatory damages as

direct consequences of Defendants' conduct.

108. In addition to compensation for said harms, Plaintiffs' claim punitive damages with respect to the underlying constitutional violations they suffered by Defendants' conduct, as allowed under the Tom Bane Civil Rights Act, in amounts to be proven according to proof at trial.

109. Plaintiffs also seek civil penalties, attorney's fees and other recoverable remedies as allowed pursuant to Section 52 of the Civil Code.

## ELEVENTH CAUSE OF ACTION

### FOR MALICIOUS PROSECUTION (California Common Law)

### (By All Plaintiffs Against the Defendant COUNTY OF LOS ANGELES)

110. Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

111. The present cause of action is brought pursuant to Section 52.1 of the Civil Code. The present cause of action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

112. Under California law, malicious prosecution is proven by a preponderance of the evidence, demonstrating each of the following facts:

a. A case was brought without probable cause;

b. With malice or ill purpose, and not simply by mistake;

c. Which resulted in a favorable outcome for the prosecuted; and

d. Caused economic and/or other damage to the prosecuted.

113. Here, Plaintiff MATTHEW REILLY was prosecuted by the Defendant COUNTY's DA without probable cause, and ultimately prevailed against the DA on that basis.

114. Due to the DA's baseless prosecution of MATTHEW for a felony he did not commit, MATTHEW temporarily lost custody of his daughter, MATTIE, and

they were forcibly separated for approximately five (5) months, between August 11, 2021, and January 11, 2022. Additionally, MATTHEW was jailed in isolation, without arraignment, for approximately seventeen (17) days, from August 11 to August 27 of 2021, during which time MATTHEW was unable to work and suffered considerable psychological, emotional distress in addition to his economic losses, in amounts to be determined according to proof at trial.

115. On or before August 30, 2022, the DA's Office received a report regarding MATTHEW's complete history of probation. Upon information and belief, MATTHEW alleges that the contents of this report unambiguously resolved the question of his probationary status at the time of the alleged violation.

116. The DA for the Defendant COUNTY possessed the knowledge that MATTHEW was no longer on probation when he was alleged to have committed the probation violation at issue. Nevertheless, the DA for the Defendant COUNTY wrongfully persisted in its case against MATTHEW for more than three (3) months, in possession of such knowledge, while MATTIE remained in foster care, unsure of when, if ever, she would see her dad again.

117. Defendant COUNTY lacked probable caused to initiate and proceed with MATTHEW's prosecution because the DA: 1) confirmed MATTHEW's innocence at the inception of the case; 2) knew that MATTHEW was not on probation; 3) knew that MATTHEW would lose his daughter due to the prosecution; and 4) knew that MATTIE would be consigned to foster care for the rest of her childhood in that event.

118. Defendant COUNTY's conduct was malicious. The DA's manifest intent in maintaining its chosen course of action was not to uphold the law, but to ensure that the law held MATTHEW back regardless of his innocence, rights, or the facts that MATTHEW had duly answered for any prior offenses, and a young girl's family would be broken in the process. Thus, malice existed in the prosecution of MATTHEW.

119. The charges against MATTHEW were finally dismissed subsequently and thereby the prosecution terminated in MATTHEW's favor.

120. Due to the DA's baseless prosecution of MATTHEW for a felony he did not commit, MATTHEW temporarily lost custody of his daughter, MATTIE, and they were forcibly separated for approximately five (5) months, between August 11, 2021, and January 11, 2022. Additionally, MATTHEW was jailed in isolation, without arraignment, for approximately seventeen (17) days, from August 11 to August 27 of 2021, during which time MATTHEW was unable to work and suffered considerable psychological, emotional distress in addition to his economic losses, in amounts to be determined according to proof at trial.

121. Due to the DA's protracted prosecution of MATTHEW for a felony which was recognizably impossible for him to have committed, Plaintiff has suffered and continue to suffer emotional and psychological distress, as well as economic harms including lost wages and/or medical expenses, and other economic damages. Accordingly, Plaintiffs claim compensatory damages related to the described harms, as well as punitive damages under the full extent of the law, in amounts to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including but not limited to damages for emotional and psychological distress, past and future medical expenses incurred for the subsequent treatment of said distress, lost wages and economic opportunity in connection with the protracted manner of persecution alleged heretofore, in an amount to be proven at trial;

B. For non-economic damages;

C. For punitive damages against Defendants, individually, jointly, and severally, for all instances of tortious, unconstitutional, or otherwise unlawful conduct

alleged herein, in an amount to be proven at trial;

D. For interest with respect to all damages claimed;

E. For reasonable costs of this suit and attorneys' fees, pursuant to 42 U.S.C. § 1988;

F. For reasonable costs of this suit and attorneys' fees, pursuant to the Tom Bane Act and other state statutes;

G. For all other damages allowed under federal and state law and;

H. For such further relief as the Court may deem proper and just.

Respectfully Submitted,

Dated: October 16, 2022 **LAW OFFICES OF HUMBERTO GUIZAR, APC**

By: ______________________________
HUMBERTO GUIZAR, and
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,
MATTHEW REILLY, and
MATTIE REILLY

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: October 16, 2022 **LAW OFFICES OF HUMBERTO GUIZAR, APC**

By: ______________________________
HUMBERTO GUIZAR, and
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs,
MATTHEW REILLY, and
MATTIE REILLY